UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMELINA TORRES,
    *Plaintiff,*

v.

ANDREW W. SAUL,
    *Commissioner of Social Security U.S.A.,*
    *Defendant.*

No. 3:18-cv-961 (VAB)

**RULING AND ORDER ON MOTIONS FOR ATTORNEY'S FEES AND COSTS**

Carmelina Torres ("Plaintiff") has moved, through her attorney Melissa Buckley, for attorney's fees under the Equal Access to Justice Act ("EAJA") and § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) ("Section 406(b)"). Mot. for Att'y Fees, ECF No. 31 (Nov. 22, 2019) ("Mot. for EAJA Fees"); Mot. for Award of Att'y's Fees, ECF No. 33 (Feb. 19, 2020) ("Mot. for 406(b) Fees").

The Commissioner of Social Security Andrew Saul[1] ("Defendant" or "Commissioner") has stipulated to fees under EAJA, Stip. for Att'y Fees under EAJA, ECF No. 32 (Sept. 20, 2019) ("Stip. for EAJA Fees"), and "has no objection to a finding by this Court that counsel's request for fees under 42 U.S.C. § 406(b) in the amount of $10,025.25 is reasonable," Comm'r's Resp. to Mot. for Att'y's Fees, ECF No. 36 at 5 (Feb. 27, 2020) ("Comm'r's Resp.").

For the following reasons, Plaintiffs' motions will be **GRANTED**.

---

[1] When a party in an official capacity resigns or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party, regardless of the party's failure to so move or to amend the caption; the Court may also order such substitution at any time. Fed. R. Civ. P. 25(d); *see also Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018); *Tanvir v. Tanzin*, 894 F.3d 449, 459 n.7 (2d Cir. 2018). The Clerk of Court therefore will be ordered to change the defendant of the case from Ms. Berryhill to Mr. Saul.

Attorney's fees and costs in the amount of **$6,900.00** are awarded under 28 U.S.C. § 2412, and attorney's fees in the amount of **$10,025.25** are awarded under 18 U.S.C. § 406(b).

## I.     BACKGROUND

On June 8, 2018, Ms. Torres filed a Complaint against the Commissioner seeking review of the Commissioner's final decision denying her disability insurance benefits and supplemental security income benefits under the Social Security Act. Compl., ECF No. 1 (June 8, 2018).

On November 21, 2018, Ms. Torres moved for judgment on the pleadings. Mot. for J. on Pleadings, ECF No. 20 (Nov. 21, 2018).

On January 10, 2019, Defendant moved to affirm the decision of the Commissioner. Mot. to Affirm Decision of Comm'r, ECF No. 25 (Jan. 10, 2019).

On August 23, 2019, the Court granted judgment on the pleadings to Ms. Torres and denied the Commissioner's motion to affirm the Commissioner's decision. Ruling on Mot. for J. on the Pleadings and Mot. to Affirm Comm'r's Decision, ECF No. 29 (Aug. 23, 2019).

On August 26, 2019, the Court remanded the case to the Social Security Administration for calculation of benefits and judgment in accordance with the Court's ruling. J., ECF No. 30 (Aug. 26, 2019).

On November 22, 2019, Ms. Torres filed a motion for an award of attorney's fees permitted under the EAJA. Mot. for EAJA Fees. In support of the motion, Ms. Buckley submitted an affidavit and an invoice indicating that she seeks payment for 34.95 hours of work, at $201.75 per hour, between May and November of 2018. Buckley Aff., ECF No. 31-2 (Nov. 22, 2019); Buckley Invoice, ECF No. 31-4 (Nov. 22, 2019). Ms. Buckley also submitted her resume. Buckley Resume, ECF No. 31-3 (Nov. 22, 2019).

On January 22, 2020, Ms. Torres and the Commissioner agreed and stipulated to the award of attorney fees in the amount of $6,900.00. Stip. for EAJA Fees. Once paid, any and all claims under the EAJA will be satisfied. *Id*. at 1.

On February 19, 2020, Ms. Torres filed a motion for attorney's fees under § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). Mot. for 406(b)(1) Fees. The motion seeks fees in the amount of $10,025.25, out of Plaintiff's total award of $46,199.00 in retroactive benefits calculated by the Commissioner on remand. *Id.* The motion also states:

> In the event that this motion for attorney's fees under Section 206(b) is granted and the Stipulation for allowance under EAJA is approved, and funds are received by counsel pursuant to EAJA, and the funds are received pursuant to this Section 206(b) motion, Counsel will pay over to plaintiff, out of the 206(b) payment received, the amount of fees received by counsel (if any) pursuant to the EAJA petition.

*Id.* ¶ 13.

On February 24, 2020, Ms. Torres filed a statement of support for the motion. Pl.'s Statement of Position on Mot. for Award of Att'y's Fees, ECF No. 34 (Feb. 24, 2020) ("Pl.'s Statement"). Ms. Torres "understand[s] that if [her] attorney receives any EAJA fees, that the amount of the EAJA fees received will be paid over to [her] at the time of the receipt of both the EAJA fees and the receipt of fees under this motion, whichever is received later (received second) by the Attorney." *Id.*

On February 27, 2020, the Commissioner filed a response Plaintiff's motion for fees under Section 406(b)(1), stating that "the $10,025.25 fee-request does not exceed the 25% statutory cap and there is no evidence of fraud or overreaching," and indicating that the "Commissioner defers to this Court to determine the reasonableness of the fee." Comm'r's Resp.

3

## II.   STANDARD OF REVIEW

### A.  EAJA Fees

Under 28 U.S.C. 2412(d), award of attorney fees or expenses is available to "a prevailing party in a Social Security benefits case . . . if the Government's position in the litigation was not 'substantially justified.'" *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A)). An award is available to an individual only if her "net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. 2412(d)(2)(B).

### B.  Section 206(b)(1) Fees

Under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), a payment of attorney's fees is available out of a plaintiff's award of past due benefits "[w]henever a court renders a judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A).

> [T]he court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits.

*Id.* "[T]he district court may await conclusion of the remand proceedings to consider a § 406(b) attorney's fee application," *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019); but counsel must file the motion for fees within fourteen days of the Commissioner's calculation of past due benefits, *id.* at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").

Contingency-fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). "Within the 25 percent boundary Congress provided, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 791 ("§ 406(b) calls for court review of such arrangements to assure that they yield reasonable results in particular cases."); *see also Torres v. Colvin*, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014) ("Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits." (citing *Gisbrecht*, 535 U.S. at 792–93)).

"[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). "The attorney 'must show that the fee sought is reasonable for the services rendered.'" *Begej v. Berryhill*, No. 3:14-cv-1284 (WIG), 2019 WL 2183105, at *1 (D. Conn. May 21, 2019) (quoting *Gisbrecht*, 535 U.S. at 807)).

### III. DISCUSSION

#### A. EAJA Fees

The Court finds that Ms. Torres's Motion for Leave to Proceed *In Forma Pauperis* and the Court's subsequent grant of that motion satisfy the eligibility requirements of the EAJA. Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2 (June 8, 2018); Order Granting Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 9 (June 12, 2018).

The parties having stipulated to an award of $6,900 in attorney's fees under EAJA, Stip. for EAJA Fees; and the Court having reviewed Plaintiff's counsel's affidavit and invoice, Buckley Aff.; Buckley Invoice; the Court will grant Plaintiff's motion for EAJA fees in the amount of $6,900.

### B.  Section 406(b)(1) Fees

In making a determination of the reasonableness of a fee request brought under Section 406(b), a court considers the following factors:

> (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of the time counsel spent on the case.

*Sama v. Colvin*, No. 3:10-cv-01268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting *Gisbrecht*, 535 U.S. at 808) (internal citation and quotation marks omitted). A contingency fee arrangement encourages counsel "to take on cases that are less than sure winners" and so a "reduction in the agreed upon contingency amount should not be taken lightly." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 235 (S.D.N.Y. 2007) (citations omitted). "[T]he district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells*, 907 F.2d at 371. Ultimately, "[t]his Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014)).

Ms. Torres "requests that $10,025.25 be awarded to counsel, representing less than 25% of the total retroactive award, but is equal to the amount withheld by the Commissioner." Mot. for 406(b)(1) Fees ¶ 4. She explains that "[t]he Commissioner's calculation was for retroactive benefits owed from March[] 2016 through February[] 2020," resulting in a total retroactive

benefit award of $46,199.00," but that the Commissioner used "past due benefits—those payable through July[] 2019, the month before the [C]ourt's decision, as the amount on which attorney's fees are owed." *Id.* ¶ 5 (internal quotation marks omitted). "Accordingly, the Commissioner withheld from [P]laintiff's retroactive award[] the sum of $10,025.25 for attorney's fees, which [represents] 25% of $40,101.00, the amount due through July[] 2019." *Id.* ¶ 6. Ms. Torres also "advise[d] the Court that should this Motion be granted, the undersigned will waive any and all claims for fees under 42 U.S.C. § 406(a) related to work before the agency." *Id.* ¶ 4.

The Commissioner observes that Ms. Torres's "request does not exceed the statutory 25% cap and there is no evidence of fraud or overreaching," and "defers to this Court to determine the reasonableness of the fee." Comm'r's Resp. at 1–2.

The Court finds Plaintiff's counsel's requested fee to be reasonable.

Ms. Buckley spent 34.95 hours on Ms. Torres's case between May and November 2018, resulting in a *de facto* hourly rate of $286.85 ($10,025.25 divided by 34.95 hours), and she secured a successful result for Ms. Torres. There is nothing in this record suggesting that (1) her requested fees of $10,025.25 are inappropriate, given the results achieved; (2) she delayed the proceedings for her own benefit, rather than that of her client; or (3) an hourly rate of $286.85 is an unnecessary windfall. The Court therefore finds that Plaintiff's attorney fee request under Section 406(b) is reasonable.

Moreover, Plaintiff agrees to the requested amount, Pl.'s Statement; and the Commissioner does not object to it, Comm'r's Resp.

Accordingly, and because the requested amount does not exceed 25% of her past due benefits award, Plaintiff's motion for fees under Section 406(b) will be granted. *See Brown v. Berryhill*, No. 615-cv-744 (MAD) (CFH), 2018 WL 2253126, at *1 (N.D.N.Y. May 17, 2018)

("The Court finds that $32,606.75 is reasonable, given the hours expended, the fact that counsel secured a favorable outcome for Claimant, and the Acting Commissioner's lack of opposition to the request. There is no evidence of fraud or overreaching, and an hourly rate of $444.84 would not be a windfall to counsel.").

### IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for attorney's fees under the EAJA, and **GRANTS** Plaintiff's motion for attorney's fees under 18 U.S.C. § 406(b). Attorney's fees and costs in the amount of **$6,900.00** are awarded under 28 U.S.C. § 2412, and attorney's fees in the amount of **$10,025.25** are awarded under 18 U.S.C. § 406(b).

Additionally, the Clerk of the Court is respectfully directed to amend the case caption to reflect that Andrew M. Saul, Commissioner of the Social Security Administration, is now the named Defendant in this action.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of June, 2020.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE